IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **PAUL BROWN ET AL.** | * | **CIVIL ACTION NO. 3:08-CV-01534** |
| **VERSUS** | * | |
| **RONALD SCHLEUTER** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the court is a motion for summary judgment or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted filed by defendant Ronald Schleuter ("Schleuter"). Docs. # 14, 24.[1] For the reasons set forth below, defendant's motion for summary judgment is **GRANTED**, and his motion to dismiss is **DENIED as moot.**

## BACKGROUND

Defendant is the Chief of Police for the City of Monroe. Plaintiffs Paul Brown ("Brown") and Danny Pringle ("Pringle") were police officers in the Monroe Police Department ("MPD") at the time of the events that form the basis of this suit.

On October 15, 2008, plaintiffs filed a complaint against Schleuter individually and in his official capacity as Chief of the MPD. Doc. # 1. They alleged that from February 2, 2006, to April 20, 2006, Schleuter used electronic devices to intercept both the oral and wire communications of Virgil Parker ("Parker"), a police officer in the MPD. *Id.* at ¶ 7. Plaintiffs further alleged that among the communications that Schleuter intercepted were conversations

---

[1] With the consent of all parties, the above-captioned matter was referred to the undersigned to conduct all further proceedings and for the entry of judgment. 28 U.S.C. § 636(c).

between Parker and the plaintiffs. *Id.* at ¶ 10. Plaintiffs argued that Schleuter was consequently liable to them for civil damages under 18 U.S.C. § 2520. *Id.* at ¶ 14.

On December 21, 2009, Schleuter filed the instant motion, contending that plaintiffs had failed to file suit within the two year statute of limitations set by 18 U.S.C. § 2520(e). Schleuter specifically argued that the limitations period began on or around April 19, 2006, when Parker found visual and audio surveillance devices in his office and notified Brown and Pringle of this discovery. Plaintiffs filed a responsive memorandum on January 20, 2010, in which they argued that the limitations period did not start until November 28, 2006 - when a criminal investigation into this matter terminated, and the plaintiffs ascertained, from materials that had been sealed during the investigation, that Schleuter had intercepted their conversations with Parker. Doc. # 25. Schleuter filed a reply memorandum on January 28, 2010. The matter is now before the court.

## LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the sufficiency of a plaintiff's allegations to determine whether the complaint adequately states a claim on which relief can be granted. *Doe v. Dallas Independent School District*, 153 F.3d 211, 220 (5th Cir. 1998). Thus, in considering a motion to dismiss under Rule 12(b)(6), a court may not look beyond the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). If a court considers or is presented with matters outside of the pleadings, the motion to dismiss "shall be treated as one for summary judgment . . . ." *Id.* at 197.

Both parties have submitted additional materials with their memoranda. Accordingly, the undersigned will consider the instant motion as a motion for summary judgment.

2

**A. Summary Judgment Standard**

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

**B. 18 U.S.C. § 2520(e)**

Under 18 U.S.C. § 2511, it is a crime intentionally to intercept or endeavor to intercept "any wire, oral, or electronic communication" without previously seeking authorization from a court. Under 18 U.S.C. § 2520(a), an individual may recover civil damages when her wire, oral, or electronic communication is illegally intercepted. The statute of limitations for civil actions under 18 U.S.C. § 2520 is set forth by 18 U.S.C. § 2520(e). It provides that "a civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."

"Like many statutes of limitation, [18 U.S.C. § 2520(e)] does not require the claimant to have actual knowledge of the violation; it demands only that the claimant have had a reasonable opportunity to discover it." *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1997); *DIRECTV v. Brady*, No. 03-1450, 2004 U.S. Dist. LEXIS 15169, at *15-16 (E.D. La. Aug. 4, 2004). Furthermore, the statute "bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts."

*Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, 429 (D.C. Cir. 2002); *DIRECTV v. Hooper*, No. 03-1404-A, 2004 U.S. Dist. LEXIS 15521, at * 7 (W.D. La. Apr. 8, 2004).  Thus, under the statute, the plaintiff's "subjective state of mind is irrelevant," and "there is no need that someone actually discover or be aware of the violation" for the limitations period to begin.  *Id.*

In this case, the record indicates that, at the very least, plaintiffs had a reasonable opportunity to discover that Schleuter violated 18 U.S.C. § 2511 on or around April 19, 2006.

Brown testified that Parker called Brown to his office on April 19, 2006, to show Brown a video camera that Parker had found hidden in the ceiling of his office.  Doc. # 14, Ex. A at 6.  Brown and Parker suspected that Schleuter had installed the video camera to record their conversations because Brown, as President of the Monroe Police Union, had represented Parker in disputes with Schleuter concerning Parker's alleged disciplinary infractions.  *Id.* at 4-5.  Brown and Parker then "immediately contacted [their] attorney," who advised them that "if the Chief had the camera, if he had a mic that recorded audio, it was going to be a federal violation if he didn't have a warrant from a judge or the FBI."  *Id.* at 8.  In the days following this incident, Brown and Parker observed to each other that an audio device was attached to the video camera.  *Id.* at 11.  Accordingly, on or around April 19, 2006, the record indicates that Brown was actually aware that Schleuter may have engaged in the illegal interception of his conversations with Parker.

Pringle testified that he was friends with Parker and Brown and that he would occasionally visit with Parker in Parker's office.  Doc. # 14, Ex. B at 4-5.  Pringle further testified that he had conversations with Parker and Brown on or around April 19, 2006, about the audio device that was attached to the video camera that Parker found in his office.  *Id.* at 7.

Thus, the record indicates that Pringle had, at the very least, a reasonable opportunity to discover on or around April 19, 2006, that his conversations with Parker had been illegally intercepted.

In addition, Monroe's leading newspaper, the News Star, published a series of articles in May, June, and July of 2006 which would have put Brown and Pringle on sufficient notice that their conversations with Parker had been illegally intercepted. These articles indicated that the Louisiana State Police were investigating a formal criminal complaint that Parker had filed against Schleuter alleging that Schleuter illegally audiotaped his communications. Doc. # 14, Ex. F at 2-14.

Plaintiffs argue that the limitations period did not begin until November 28, 2006. On this date, a criminal investigation into this matter terminated, and the plaintiffs had access for the first time to materials which would have allowed them to know for certain whether their conversations with Parker had been illegally intercepted. Plaintiffs cite *Application of the United States for an Order Authorizing Interception of Wire and Oral Communications,* 495 F. Supp. 282 (E.D. La. 1980) to support their contention. In this case, the movant sought to inspect recordings and transcripts of his prior communications that a court had previously authorized the United States Attorney to intercept. *Id.* at 283. The relevant statute provides that upon the filing of such a motion, the judge "may in his discretion" make available to the movant "such portions of the intercepted communications . . . as the judge determines to be in the interest of justice." 18 U.S.C. § 2518(d)(3). After determining that the interest of justice counseled against making any portions of the intercepted communications available to the movant, the court observed:

> Finally, we note that mover alleges that disclosure is required to allow him to determine whether or not to file suit pursuant to 18 U.S.C. § 2520. Assuming that mover has such a claim, we believe, in accord with the opinion in *Application of the United States* [citation

5

> omitted], no limitation period runs during the period that the potential claimant is prevented by court order from discovering the materials which he would need to pursue such claim.

*Application of the United States*, 495 F. Supp. at 284-85. Analogizing the criminal investigation of Schleuter's unauthorized use of surveillance equipment to the court order in *Application of the United States*, plaintiffs argue that the limitations period did not start until the criminal investigation terminated and the plaintiffs could consequently access the materials which allowed them to ascertain that their conversations with Parker had indeed been recorded.

The undersigned is not convinced by plaintiffs' argument. The passage from *Application of the United States* upon which they rely indicates that the limitations period on a potential claimant under 18 U.S.C. § 2520 does not start until the claimant has access to information which would "allow him to determine whether or not to file suit . . . ." Even assuming that this standard also applies to materials that have been sealed pursuant to a criminal investigation, plaintiffs had enough information without these materials to allow them to determine in April and May of 2006 that they had a viable claim against Schleuter under 18 U.S.C. § 2520. Indeed, Brown testified that on April 19, 2006, he contacted an attorney who told him that he had a viable claim against Schleuter if the video camera that Parker found had audio capabilities and if Schleuter did not obtain a warrant for the video camera. Doc. # 14, Ex. A at 8. Both Brown and Pringle testified that on or soon after April 19, 2006, they became aware that an audio device was attached to the video camera. Doc. # 14, Ex. A at 11; Doc. # 14, Ex. B at 7. Furthermore, plaintiffs became aware no later than May 15, 2006, of the likelihood that Schleuter had not obtained a warrant for the video camera because by May 15, 2006, they had both provided testimony to the Bureau of Investigation of the Louisiana State Police regarding Parker's

allegation that Schleuter had illegally intercepted his oral communications, with Pringle testifying in response to questions from the investigating officers that he had not given permission for his conversations to be recorded and Brown testifying that he believed he was a "target officer" in the illegal recordings. Doc. # 14, Exs.C & D. By May of 2006, the plaintiffs in this matter knew that they had engaged in conversations with Parker in his office, knew that the video and audio recording equipment had been placed there, and knew that Schleuter in all likelihood did not have a warrant authorizing the placement of the recording equipment in Parker's office. That information was sufficient to give them a reasonable opportunity to discover the violation. Therefore, plaintiffs' cause of action accrued no later than May of 2006;

## CONCLUSION

For the aforementioned reasons:

Defendant's motion for summary judgment is **GRANTED**, and plaintiffs' complaint against defendant individually and in his official capacity is **DISMISSED with prejudice as untimely.** Defendant's alternative motion to dismiss is **DENIED as moot.**

**THUS DONE AND SIGNED,** in chambers, in Monroe, Louisiana, on this 5th day of February, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE